# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY P. SAMBRANO | CASE NO.  1:12-cv-01246-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| S. HENDERSON, et al., | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN TWENTY-ONE DAYS |

/

## I.    Procedural History

Larry P. Sambrano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 31, 2012, Plaintiff filed the complaint which is presently before this Court.  Doc. 1.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

2  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

3  support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

4  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

5  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

6  (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

7  allegations of the complaint in question, and construe the pleading in the light most favorable to the

8  plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

9  (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

10

11  **III.    Plaintiff's Complaint**

12    Plaintiff is currently a state prisoner at the California Correctional Institution (CCI) in

13  Tehachapi, California.  The events central to Plaintiff's complaint occurred while he was at prisoner

14  at Kern Valley State Prison (KVSP).  Doc. 1.  In the complaint, Plaintiff names the following as a

15  defendants: 1) S. Henderson (Correctional Captain at KVSP); 2) K. Doran (Correctional Captain at

16  KVSP); 3) R. Grissom (Chief Disciplinary Officer at KVSP); and 4) Castro (Warden at KVSP).

17  Doc. 1 at 2.  Plaintiff seeks monetary and injunctive relief.  Doc. 1 at 3.

18    Plaintiff alleges that on March 25, 2011, that Defendant Henderson in the capacity of hearing

19  officer deliberately acted with malicious prejudice and deprived Plaintiff of his due process right to

20  a fair hearing on the charge of attempted murder.  Doc. 1 at 3.  On February 25, 2011, Defendant

21  Henderson provided a supplemental report to the charge and then acted as a hearing official on

22  March 25, 2011.  Doc. 1 at 3.  During the hearing on March 25, 2011, Defendant Henderson falsified

23  a report for the specific purpose of entering corroborating evidence which is a necessary element to

24  support a guilty finding pertaining to the charges based on confidential information.  Doc. 1 at 3-4.

25    According to Plaintiff, Defendant Henderson based his findings on his personal opinion

26  which contradicted the facts presented at the hearing.  Doc. 1 at 4.  Defendant Henderson determined

27  that the inmate's injuries were serious and life-threatening without photos or medical reports

28  confirming the injuries.  Doc. 1 at 4.  Defendant Henderson determined that Plaintiff possessed and

used a deadly weapon without a weapon being found or without a qualified medical professional confirming whether any of the injuries were consistent with the use of a weapon. Doc. 1 at 4. Plaintiff argues that Defendant Henderson determined that Plaintiff attempted to murder an inmate without an other valid evidence. Doc. 1 at 4. According to Plaintiff, Defendant Henderson's written findings for the hearing report dated March 25, 2011, is riddled with cleverly manipulated facts, blatant opinions and fabricated information designed to harm Plaintiff and conceal the truth. Doc. 1 at 4.

Plaintiff further alleges that Defendant Doran, while acting as a reviewer of the Rules Violation Report (RVR), on March 24, 2011, failed to properly review and classify the RVR. Doc. 1 at 4. On April 5, 2011, Defendant Doran failed to properly review, identify and correct the due process violations caused by Defendant Henderson. Doc. 1 at 4. According to Plaintiff, Defendant Grissom, in the capacity of Chief Disciplinary Officer, on April 5, 2011, failed to properly review, identify and correct the due process violation in the hearings report. Doc. 1 at 4. Plaintiff also alleges that Defendant Castro as warden failed to properly train and oversee his staff to ensure that they act in accordance with department regulations and within the law. Doc. 1 at 4.

Plaintiff alleges that he has suffered physical injuries as a result of living in inhuman conditions of the Secured Housing Unit (SHU). Doc. 1 at 5. Plaintiff alleges that as a result of the guilty RVR finding, Plaintiff has been placed in prolonged solitary cell confinement, less than two and a half hours of "out-of-cell" exercise per week from February 16, 20111 to July 10, 2011, loss of personal property, loss of phone privileges and loss of contact visits. Doc. 1 at 5. Plaintiff alleges that he has developed hypertension caused from extreme anxiety. Doc. 1 at 5.


IV.     **Applicable Law and Analysis**

   A.     **Due Process Deprivation of Liberty**

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F. 2d 450, 452 (8th Cir.1989). Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of

1   law." *Id.*  As long as a prisoner is afforded procedural due process in the disciplinary hearing,

2   allegations of a fabricated charge fail to state a claim under § 1983.  *See Sprouse*, 870 F. 2d at 452;

3   *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41

4   (7th Cir.1984).  Moreover, the fact that a prisoner may have been innocent of the charges does not

5   raise a due process issue.  The Constitution demands due process, not error-free decision-making.

6   *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994).

7         An inmate in California is entitled to due process before discipline is imposed that results in

8   an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Sandin*

9   *v. Conner*, 515 U.S. 472, 484 (1995).  The process due in such a prison disciplinary proceeding

10  includes written notice, time to prepare for the hearing, a written statement of decision, allowance

11  of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where

12  the inmate is illiterate or the issues are complex.  *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974).

13  The findings of the prison disciplinary decision-maker must be supported by some evidence in the

14  record, *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of

15  reliability of the information that forms the basis for prison disciplinary actions, *Cato v. Rushen*, 824

16  F.2d 703, 704-05 (9th Cir. 1987).

17        **1.      Analysis-Defendant Henderson**

18        Plaintiff states that Defendant Henderson denied Plaintiff Due Process in carrying out a rules

19  violation hearing and the adverse determination unjustly detained Plaintiff in the secure housing unit

20  as punishment.  Plaintiff has not shown that he was denied the minimal protections he was due under

21  federal law.  *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974); *Walker v. Sumner*, 14 F.3d 1415,

22  1420 (9th Cir. 1994), *abrogated on other grounds by Sandin*, 515 U.S. 472.  Although Plaintiff

23  asserts that Defendant Henderson determined that the inmate's injuries were serious and life-

24  threatening without photos or medical reports confirming the injuries, the Constitution requires only

25  that there be some evidence to support the conviction and the standard is not stringent.

26  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  Here, Plaintiff's argument does not negate that

27  there was some minimal evidence supporting that Plaintiff injured another inmate and should get a

28  SHU sentence, and Plaintiff's disagreement with hearing officer's weight and credibility assessments

will not support a federal claim.  *Id.*  Additionally, Plaintiff's conclusory allegation that Defendant Henderson falsified a report for the specific purpose of entering corroborating evidence  fails to demonstrate that there was not minimal evidence to support the RVR finding.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-71.  Moreover Plaintiff's unsupported allegations of falsity, amount to nothing more than legal conclusions, which cannot support a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Accordingly, the Court finds that Plaintiff's placement in the SHU fails to state a cognizable § 1983 due process claim.

### 2.      Analysis-Defendants Doran and Grissom

Plaintiff alleges that Defendants Doran and Grissom failed to properly review, identify and correct the due process violations caused by Defendant Henderson.  As Plaintiff fails to state an underlying Due Process claim, Plaintiff fails to state a claim against Defendants Doran and Grissom for failing to correct the alleged denial of due process.

To the extent that Plaintiff alleges that Defendants failed to give the proper outcome to his RVR appeal, Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  A prison review procedure is a procedural right only, it does not confer any substantive right upon the inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Glenn v. McGrath*, 368 Fed.Appx. 800 (9th Cir. 2010) (unpublished).  Plaintiff's allegation regarding reviewing Plaintiff's RVR fails to state a claim.

### 3.      Analysis-Defendant Castro

To state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or

directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

A supervisor's failure to train subordinates may give rise to individual liability under Section 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. *See Canell v. Lightner*, 143, F.3d 1210, 1213-14 (9th Cir. 1998). Under section 1983, Plaintiff must demonstrate that the defendants holding supervisory positions personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 129 S.Ct. at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

As Plaintiff fails to state an underlying Due Process claim, Plaintiff fails to state a claim against Defendant Castro. Additionally, Plaintiff fail to demonstrate how Defendant Castro was aware of any violations and failed to respond accordingly to any violations.

## V.     Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

   Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

   Based on the foregoing, it is HEREBY ORDERED that:

   1.  The Clerk's Office shall send Plaintiff a civil rights complaint form;

   2.  Plaintiff's complaint, filed July 31, 2012, is dismissed for failure to state a claim upon which relief may be granted;

   3.  Within **twenty-one (21) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

   4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:  November 7, 2012

          UNITED STATES MAGISTRATE JUDGE