# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY P. SAMBRANO | CASE NO.  1:12-cv-01246-GBC (PC) |
| Plaintiff, | |
| | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| S. HENDERSON, et al., | (Doc. 8) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN FOURTEEN DAYS |

/

## I.    Procedural History

Larry P. Sambrano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 31, 2012, Plaintiff filed the original complaint which initiated this action.  Doc. 1.  On November 7, 2012, the Court screened the complaint and dismissed with leave to amend.  Doc. 7.  On November 26, 2012, Plaintiff filed the first amended complaint which is currently before the Court.  Doc. 8.

## II.    Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467
6  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*
7  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898
8  (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the
9  allegations of the complaint in question, and construe the pleading in the light most favorable to the
10 plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22
11 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

12 **III.   Plaintiff's Complaint**

13     Plaintiff is currently a state prisoner at the California Correctional Institution (CCI) in
14 Tehachapi, California.  The events central to Plaintiff's complaint occurred while he was at prisoner
15 at Kern Valley State Prison (KVSP).  Doc. 1, Doc. 8.  In the complaint, Plaintiff names the following
16 as a defendants: 1) S. Henderson (Correctional Captain at KVSP); 2) K. Doran (Correctional Captain
17 at KVSP); and 3) R. Grissom (Chief Disciplinary Officer at KVSP).  Doc. 1 at 2; Doc. 8 at 2-3.
18 Plaintiff seeks monetary and injunctive relief.  Doc. 1 at 3; Doc. 8 at 3.

19     Plaintiff alleges that on March 25, 2011, that Defendant Henderson acted as a hearing official
20 for Plaintiff's disciplinary charge.  Doc. 8 at 3.  Defendant Henderson denied Plaintiff time to
21 prepare a defense to address the new evidence that Defendant Henderson submitted at the hearing.
22 Doc. 8 at 3.  Plaintiff argues that Defendant Henderson's findings were not supported by some
23 evidence in the record.  Doc. 8 at 3.  Plaintiff argues that a single source of uncorroborated
24 confidential information was the only evidence alleging Plaintiff's involvement.  Doc. 8 at 3.
25 Plaintiff alleges that Defendant Henderson suppressed evidence available in the record of Plaintiff's
26 innocence and would have made the confidential information unreliable.  Doc. 8 at 3.  Defendant
27 Henderson supplies a second confidential source of information at the hearing which proves that
28 "Defendant [Henderson] knowingly falsified and used as evidence against Plaintiff to establish the

reliability of the original sources of information . . . ." Doc. 8 at 3.   According to Plaintiff, Defendant Henderson introduced the second source of confidential information, however, the reliability of the second source was deemed reliable through fraudulently obtained corroboration. Doc. 8 at 4.   According to Plaintiff, Defendant Henderson added the charges of "use of a deadly weapon" and "serious injury," which Plaintiff argues that the additional charges are unsupported by any evidence and does not implicate Plaintiff's involvement.  Doc. 8 at 4.   According to Plaintiff, Defendant Henderson was an impartial decision maker because Defendant Henderson: 1) supplied the evidence; 2) withheld evidence of Plaintiff's innocence and evidence which would make the confidential information unreliable; 3) authored and knowingly falsified a report during the hearing to fraudulently obtain a conviction; 4) denied Plaintiff time to prepare a defense at the time the false report was issued; and 5) arbitrarily caused Plaintiff to lose 360 days of good time credits.  Doc. 8 at 4.

On April 5, 2011, Defendant Doran audited the Defendant Henderson's report to ensure that Plaintiff's rights were not violated.  Doc. 8 at 4.   Plaintiff alleges that Defendant Doran knew that Defendant Henderson violated Plaintiff's rights, had the power to correct the violations but failed to do so.  Doc. 8 at 4.   On April 5, 20122, Defendant Grissom acted as chief disciplinary officer and in that capacity audited Plaintiff's proceedings to ensure all the due process procedures were met. Doc. 8 at 4.   Plaintiff alleges that Defendant Grissom has the power to correct the due process violations but failed to do so.  Doc. 8 at 4.

## IV.   Applicable Law and Analysis

### A.   Rule 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) *(citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555).   Facial plausibility demands more than the mere

possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.   Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims.  *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

### 1.    Analysis

Plaintiff's complaint is conclusory and lacks sufficient factual matter to state a claim.  *Iqbal*, 556 U.S. at 678.  Plaintiff simply states that he was not afforded enough time to present his defense, however, Plaintiff fails to explain how much time he was given.   It appears from Plaintiff's complaint that during the hearing, Defendant Henderson presented Plaintiff with evidence from an anonymous witness and Plaintiff believes that he needs to be allowed extra time to counteract the evidence presented at the hearing.  However, time required for due process is the time to prepare for the hearing prior to the hearing, not extra time to conduct independent investigation to rebut every piece of evidence introduced during the hearing.  *See Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974).

Moreover, Plaintiff conclusory recites the elements of due process with out providing sufficient facts to support his allegations.  For example, Plaintiff argues that Defendant Henderson's findings were not supported by some evidence in the record, however, fails to provide facts sufficient to contradict the fact that Defendant Henderson relied on confidential witness testimony.  Additionally, although Plaintiff alleges that Defendant Henderson was not impartial, Plaintiff fails to plead any specific facts to demonstrate that Defendant Henderson was biased.  *Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir.1989) (finding petitioner "failed to plead any specific facts supporting his allegations that the hearing officer was biased").

### B.    Due Process Deprivation of Liberty

A prisoner does not have a "constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Sprouse v. Babcock*, 870 F. 2d 450, 452 (8th Cir.1989).  Rather, the Fourteenth Amendment provides that a prisoner "has a right not to be deprived of a protected liberty interest without due process of

1  law." *Id.*  As long as a prisoner is afforded procedural due process in the disciplinary hearing,

2  allegations of a fabricated charge fail to state a claim under § 1983.  *See Sprouse*, 870 F. 2d at 452;

3  *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986); *Hanrahan v. Lane*, 747 F.2d 1137, 1140-41

4  (7th Cir.1984).  Moreover, the fact that a prisoner may have been innocent of the charges does not

5  raise a due process issue.  The Constitution demands due process, not error-free decision-making.

6  *See Ricker v. Leapley*, 25 F.3d 1406, 1410 (8th Cir. 1994).

7         An inmate in California is entitled to due process before discipline is imposed that results in

8  an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Sandin*

9  *v. Conner*, 515 U.S. 472, 484 (1995).  The process due in such a prison disciplinary proceeding

10 includes written notice, time to prepare for the hearing, a written statement of decision, allowance

11 of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where

12 the inmate is illiterate or the issues are complex.  *Wolff v. McDonnell*, 418 U.S. 539, 564-67 (1974).

13 The findings of the prison disciplinary decision-maker must be supported by some evidence in the

14 record, *Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of

15 reliability of the information that forms the basis for prison disciplinary actions, *Cato v. Rushen*, 824

16 F.2d 703, 704-05 (9th Cir. 1987).

17              **1.        Analysis-Defendant Henderson**

18        Plaintiff argues that a single source of uncorroborated confidential information was the only

19 evidence alleging Plaintiff's involvement.  Doc. 8 at 3.  However, Plaintiff contradicts himself and

20 says that Defendant Henderson considered a second confidential source of information at the

21 hearing, which suggests that Defendant Henderson considered more than one source fo evidence and

22 that the second source was used to corroborate the first.

23        Plaintiff alleges that Defendant Henderson knowingly falsified evidence in order to establish

24 the reliability of the original sources of confidential evidence, however, Plaintiff fails to provide any

25 factual support for this allegation.  *See Bostic v. Carlson*, 884 F.2d 1267, 1271 (9th Cir.1989).  As

26 the Court discussed in its previous screening, Plaintiff's conclusory allegation that Defendant

27 Henderson falsified a report for the specific purpose of entering corroborating evidence  fails to

28 demonstrate that there was not minimal evidence to support the RVR finding.  *See Wolff v.*

*McDonnell*, 418 U.S. 539, 563-71.  Moreover Plaintiff's unsupported allegations of falsity, amount to nothing more than legal conclusions, which cannot support a plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

Although Plaintiff alleges that Defendant Henderson suppressed evidence available in the record that would have supported Plaintiff's innocence, Plaintiff fails to explain how Defendant Henderson suppressed evidence from his own review.  Additionally Plaintiff argues that Defendant Henderson's added charges of "use of a deadly weapon" and "serious injury," are unsupported by any evidence and does not implicate Plaintiff's involvement.  Doc. 8 at 4.  However, a hearing officer could rationally draw the inference from circumstantial evidence for the injuries of the victim that injuries grave enough to warrant the charge of attempted murder would also substantiate a charge of "deadly weapon" and "serious injury."  *See Stewart v. Alameida*, 418 F.Supp.2d 1154, 1163 (N.D. Cal. 2006) (noting that for a disciplinary hearing "inferences might sometimes be a necessary substitute for direct evidence").  Plaintiff fails to explain: 1) what evidence Defendant Henderson withheld; and 2) what facts would support that Defendant Henderson knowingly falsified a report, how it was falsified and what was false about the report.  Although Plaintiff is not required to file exhibits to his complaint, given the difficulty that Plaintiff appears to have is describing what procedural violations occurred, it may be beneficial for Plaintiff to attach and refer to the rules violation hearing documents if Plaintiff chooses to file an amended complaint.

### 2.    Analysis-Defendants Doran and Grissom

Plaintiff alleges that Defendant Doran audited the Defendant Henderson's report to ensure that Plaintiff's rights were not violated.  Doc. 8 at 4.  Plaintiff alleges that Defendant Doran knew that Defendant Henderson violated Plaintiff's rights, had the power to correct the violations but failed to do so.  Doc. 8 at 4.  Plaintiff also alleges that Defendant Grissom acted as chief disciplinary officer and in that capacity audited Plaintiff's proceedings to ensure all the due process procedures were met.  Doc. 8 at 4.  Plaintiff alleges that Defendant Grissom has the power to correct the due process violations but failed to do so.  Doc. 8 at 4.

As Plaintiff fails to state an underlying Due Process claim, Plaintiff fails to state a claim

against Defendants Doran and Grissom for failing to correct the alleged denial of due process.  To the extent that Plaintiff alleges that Defendants failed to give the proper outcome to his RVR appeal, Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  A prison review procedure is a procedural right only, it does not confer any substantive right upon the inmates.  *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Glenn v. McGrath*, 368 Fed.Appx. 800 (9th Cir. 2010) (unpublished).  Plaintiff's allegation regarding reviewing Plaintiff's RVR fails to state a claim.

## V.    Conclusions and Order

Plaintiff's first amended complaint fails to state a claim upon which relief may be granted under section 1983.    The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed November 26, 2012, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **fourteen (14) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   December 13, 2012

UNITED STATES MAGISTRATE JUDGE