UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY P. SAMBRANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. HENDERSON, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01246-SAB (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>[ECF No. 11]<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>[ECF Nos. 12, 13] |

　　　　Plaintiff Larry P. Sambrano is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

　　　　Plaintiff filed the instant original complaint on July 31, 2012.  On November 7, 2012, the complaint was dismissed with leave to amend.

　　　　Plaintiff filed a first amended complaint on November 26, 2012.  On December 13, 2012, the complaint was dismissed with leave to amend.

　　　　Now pending before the Court is Plaintiff's second amended complaint filed on January 10, 2013.

　　　　On April 29, 2013, Plaintiff filed a motion for preliminary injunction and motion for temporary restraining order.

1

On August 7, 2013, Plaintiff filed a second motion for preliminary injunction and motion for temporary restraining order.

# I.
# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

///
///
///

## II.

## PLAINTIFF'S SECOND AMENDED COMPLAINT

On August 25, 2010, Plaintiff was placed in administrative segregation and charged with a disciplinary violation based on a single source of uncorroborated confidential information. On September 2, 2010, the investigative services unit (ISU) conducted interviews with several inmate witnesses to the incident. On November 16, 2010, Lieutenant S.D. Hass acted as the hearing officer for the charge and found Plaintiff guilty after denying Plaintiff's right to present witnesses and withheld several documents obtained by the ISU officer C. Prouty dated September 2, 2010. Plaintiff appealed the finding and, on February 16, 2011, the finding was vacated and a new hearing was ordered because Plaintiff's due process rights were violated. The report by Lieutenant Hass explained why the documents obtained by ISU officer C. Prouty were not submitted at the hearing. He stated as follows:

> On September 2, 2010, investigative services unit completed interviews with inmate witnesses to the incident. No information came out of those interviews relevant to the subject as they all claimed they did not see anything. However, a confidential memorandum was generated to document the interviews dated September 2, 2010, authored by officer C. Prouty, that should have been documented on non-confidential CDC-128B's for each individual inmate interviewed as necessary. As there was no information gathered, a CDC-1030 confidential disclosure form was not completed or necessary. This second confidential memorandum was not a source of any information relevant to the matter at hand and was not deemed admissible as evidence.

On February 25, 2011, Defendant S. Henderson (hereinafter referred to as "Defendant") supplied the confidential information dated August 25, 2010, as evidence to the charge. On March 3, 2011, Plaintiff was issued the confidential information (CDC-1030) and all pertinent documents to the incident. On March 25, 2011, defendant arrived at CCI-Tehachapi from Kern Valley State Prison to act as the hearing official for Plaintiff's re-hearing of the charge. Defendant did not possess any documents pertaining to the incident. Defendant relied on notes written on a sheet of paper. Defendant began the hearing by stating the charge and that it was based on a source of confidential information. Defendant then addressed witnesses the Plaintiff requested. Defendant asked Plaintiff how he pled to the charge, Plaintiff replied, "not guilty." Defendant then announced his finding was "guilty." Plaintiff then argued that the uncorroborated source of confidential information versus the

corroborating information of five (5) witnesses, one of which is the victim himself, cannot support a finding of guilt according to CDCR rules. Defendant stated, "I believe the confidential source over your witnesses and the confidential information is corroborated by a second source of confidential information." Plaintiff denied the existence of a second source and ever receiving such evidence. Defendant then asked a nearby staff to get a blank CDC-1030 confidential disclosure form. Defendant completed the form and had staff make a copy. Defendant stated," here's your corroboration" and issued a copy to Plaintiff. The report identified officer C. Prouty as the author who received confidential information on September 2, 2010, stating, "this source provided a motive for the attack and confirmed inmate Sambrano's involvement." Defendant then stated he was forfeiting 360 days loss of time credits. Plaintiff argued it would be in violation of time constraints due to the issuance of the rules violation report sixteen days after the modification order to re-hear the violation was issued. Plaintiff's argument was ignored and the defendant concluded the hearing.

Plaintiff alleges that he was denied an impartial decision maker. The defendant supplied the only evidence alleging Plaintiff's involvement with the charge on February 25, 2011, and then acted as the decision maker of the charge on March 25, 2011, which denied Plaintiff the right to an impartial decision maker.

Defendant acted partial by possessing no documents of the incident at the hearing and relied on a handwritten sheet of notes that the defendant deemed relevant. Thus, Plaintiff was prevented from presenting any defense that could be impartially weighed through specific information in the actual reports. Defendant suppressed the true information provided by officer C. Prouty on September 2, 2010, then falsified a confidential report claiming he received confidential information on September 2, 2010, which alleged a "motive" and "confirmed" Plaintiff's involvement with the incident. Defendants false report introduced "corroboration" of the original source of confidential information to obtain a conviction which otherwise could not have been supported.

Defendant denied Plaintiff time to prepare. Plaintiff's charge had been based on a single source of confidential information which a thorough investigation proved to be uncorroborated and was the only evidence alleging Plaintiff's involvement. Plaintiff's defense was based on such facts. Defendant's issuance of new evidence corroborating the original source of confidential information

4

was given after defendant announced Plaintiff's guilt and denied him time to prepare a new defense for two sources of confidential information which allegedly corroborated each other.

On April 5, 2011, while acting as chief disciplinary officer at Kern Valley State Prison, Defendant R. Grissom was the ultimate decision maker of the charge who had the duty to review all disciplinary findings, methods, and actions made by Defendant S. Henderson and either affirm, reverse, or modify the action and/or credit forfeiture prior to the implementation of any disciplinary action(s), based on the presence or absence of due process violations. Defendant participated in an allowed Defendant S. Henderson to violate Plaintiff's due process rights stated herein by identifying that: (1) S. Henderson falsified a confidential report to create "corroboration" of evidence; (2) denied Plaintiff time to prepare for that evidence; (3) arbitrarily forfeited Plaintiff's time credits in violation of time constraints; (4) S. Henderson's actions based on the finding report were the epitome of a partial hearing officer. Defendant failed to correct and prevent S. Henderson from denying Plaintiff due process by affirming the findings which finalized the disciplinary actions to take effect.

Plaintiff seeks punitive and compensatory damages.

### III.

### DISCUSSION

**A.   Due Process Violation Regarding Disciplinary Hearing**

Plaintiff's due process challenge to the disciplinary hearing is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a section 1983 Plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. at 486-487. In section 1983 suits the Court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750-751 (2004). Accordingly, "a state prisoner's [section]

5

1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.  Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005); see also Edwards v. Balisok, 520 U.S. 641, 644-646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the hearing).

In this case, Plaintiff clearly indicates that as a result of the disciplinary conviction, Plaintiff lost 360 days of credit.  Plaintiff contends that his due process rights were violated because he was not provided an impartial decision maker, was not provided time to prepare for the hearing, and the evidence relied upon was falsified to establish corroboration of the original source of confidential information.

If Plaintiff prevails on his claims and shows a due process violation under Wolff v. McDonnell, 418 U.S. 539 (1974), a judgment in his favor will necessarily imply the invalidity of his credit loss.  See Edwards, 520 U.S. at 644, 647 (Heck barred due process claims based on allegations that hearing officer was biased, concealed exculpatory witness statements, and refused to ask the questions of identified witnesses as requested by the prisoner).  Consequently, Plaintiff's section 1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards.  This is so even if, as in this instance, Plaintiff is seeking only monetary damages as a result of the alleged due process violation.  See Edwards, 520 U.S. at 644 (when challenging a disciplinary proceeding, the applicability of the Heck bar does not depend on whether the plaintiff seeks restoration of the lost credits.).

Given the deficiencies at issue, further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-1449 (9th Cir. 1987).  Accordingly, the instant action must be dismissed, without prejudice, as barred by Heck.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (dismissal of a section 1983 claim under Heck should be without prejudice).

///

# IV.

# MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff is seeking a preliminary injunction and temporary restraining order to prevent prison official from transferring him to a 180 degree design prison where he will be subjected to retaliation by rival gang members.

"A temporary restraining order is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." Whitman v. Hawaiian Tug and Barge Corp./Young Bros. Ltd. Salaried Pension Plan, 27 F.Supp.2d 1225, 1228 (D. Haw. 1998). The factors considered for issuing a temporary restraining order are the same as the standards for issuing a preliminary injunction. Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20.)

For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

///

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

For the reasons stated above, Plaintiff's second amended complaint must be dismissed without prejudice and without leave to amend for failure to state a cognizable claim for relief for a violation of his constitutional rights.  Accordingly, this Court lacks jurisdiction to issue any preliminary injunctions.  18 U.S.C. § 3626(a)(1)(A); Summers, 129 S.Ct. at 1149; Mayfield, 599 F.3d at 969.

## IV.
## CONCLUSION AND ORDER

Based on the foregoing,

IT IS HEREBY ORDERED that:

1. The instant action is dismissed without prejudice for failure to state a cognizable constitutional violation; and

2. Plaintiff's motions for temporary restraining order and preliminary injunction, filed April 29, 2013, and August 7, 2013, are denied for lack of jurisdiction.

3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:  **October 21, 2013**

_____
UNITED STATES MAGISTRATE JUDGE